## Case No. 7,696.

### KENDRICK v. EMMONS.

[3 Ban. & A. 623;[1] 15 O. G. 966.]

Circuit Court, D. Massachusetts.   Oct. 9, 1878.

PATENTS—ROYALTY—ASSESSMENT OF DAMAGES—INFRINGEMENT.

1. Where the defendant rendered before the master an account of the number of machines which he had made, some of which he represented as infringing three claims of the patent, and others only one claim, and complainant proved a royalty for the use of machines similar to those employed by the defendant, and defendant admitted in writing "the license and the terms of the same as alleged" by the complainant, and then offered to verify the statement of his account that a large part of his machines infringed only one of the three claims, and the master held this evidence to be inadmissible, and assessed the damages for all the machines at the usual rate, to which ruling the defendant excepted: *Held* that such exception must be overruled.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

2. Whether, where a royalty had been established, there can be, on an accounting, any legal ground for distinction between the damages to be recovered for the infringement of a greater or of a less number of claims of the patent, quaere.

[This was a bill in equity by John Kendrick against Thomas A. Emmons for an infringement of certain letters patent. On a motion for an interlocutory decree, an injunction was ordered to issue unless the defendant should render an account to the court. See Case No. 7,694. An injunction and an accounting were subsequently decreed (Id. 7,695), a reference being made to a master to assess the damages. The case is now heard on exceptions to the master's report.]

B. F. Thurston and W. W. Swan, for complainant.

A. K. P. Joy and J. E. Maynadier, for defendant.

LOWELL, District Judge. This case turns on a very narrow point. The interlocutory decree adjudged that the defendant infringed the third, fourth, and eighth claims of the plaintiff's patent, and referred to a master the assessment of damages. Before the master the defendant rendered an account of the number of machines which he had made, some of which he represented as infringing the three claims above mentioned, and others only the eighth claim. The complainant then alleged that he had "for many years, to the knowledge of the defendant, exacted and received from many other persons a royalty of two and a half mills upon all harness manufactured by the use of machines similar to those employed by the defendant," who thereupon admitted in writing, "the license and the terms of the same as alleged" by the plaintiff. Here the plaintiff rested his case. The respondent then offered to verify the statement of his account that a large part of his machines infringed only one of the three claims mentioned in the original decree. The master held this evidence to be inadmissible, and assessed damages for all the machines at the usual rate. The defendant excepted to the exclusion of the evidence, and to the assessment.

We think it clear that the master was right. There was no offer to prove that the plaintiff was accustomed to divide his royalty according to the greater or less amount of infringement, nor that any possible basis of computation could be found by which the master could assess the value of different claims, and we are not aware of any legal ground for such a distinction; but, without deciding this point, the evidence as it stood justified and required the master to find that, for precisely such an infringement as was admitted here, precisely this royalty had been usually demanded and paid. There was no allegation of misunderstanding, or surprise; no request for leave to withdraw or qualify the admission, and nothing of that

sort has been suggested in the argument to us; and upon the written statements of the parties themselves the assessment is legal and just, and is affirmed. Decree accordingly.

[For another case involving this patent, see note to Kendrick v. Emmons, Case No. 7,694.
[A reference being made to a master to make an assessment of damages, the case was then heard upon exceptions to his report, which report was affirmed. Case No. 7,696.]